IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEMAREIO HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-415-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Is aiding and abetting a Hobbs Act robbery a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)? The Magistrate Judge's Recommendation concludes that it is a crime of violence. (Doc. # 19.) The Recommendation is due to be adopted.

Petitioner Demareio Harris pleaded guilty to brandishing a firearm during a "crime of violence," a violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. # 4-5, at 2.) The term "crime of violence" is statutorily defined to mean a felony that

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Clause (A) is called the "use-of-force clause," while clause (B) is known as the "residual clause." The predicate "crime of violence" for Harris's

conviction was aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. § 1951.  (Doc. # 4-1, at 4; Doc. # 4-2, at 5; Doc. # 4-5, at 2.)

While incarcerated, Harris moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. # 1.)  He argues that a Hobbs Act robbery is not a "crime of violence" because it does not satisfy the § 924(c)(3)(A) use-of-force clause and because the § 924(c)(3)(B) residual clause is unconstitutionally vague.  (Docs. # 1, 15, 23.)

The Magistrate Judge recommended that the court deny Harris's motion.  (Doc. # 19.)  Harris objected[1] to that Recommendation.  (Doc. # 23, at 2.)[2]  He also requested a stay pending the Eleventh Circuit's decision in a case about whether the residual clause is invalid.  (Doc. # 23, at 1.)

As an initial matter, the court finds that Harris's objections are inadequate.  An objection to a Magistrate Judge's Recommendation must "pinpoint the specific findings that the party disagrees with."  *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see* Fed. R. Civ. P. 72(b)(2) (requiring "specific" objections).

---

[1] A September 5, 2018, docket entry incorrectly states that Harris failed to object.

[2] Harris is an incarcerated *pro se* litigant.  His objections were due on August 22, 2018.  (Doc. # 19, at 6.)  "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.  Absent evidence to the contrary, [courts] assume that the prisoner's filing was delivered to prison authorities the day he signed it."  *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (cleaned up).  Harris dated his letter "August 22, 2018."  (Doc. # 23, at 3.)  There is no evidence that he delivered his objections on a later date.  So his objection is timely.

"Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Yet Harris simply "objects to the Magistrate's Report and Recommendation in its entirety." (Doc. # 23, at 2.) He does not identify specific errors in the Recommendation. Nor does he cite any authority. Instead, he merely repeats his argument in a few short sentences. (Doc. # 23, at 2–3.) So the court need not consider his objection.

Still, the court has conducted an independent and *de novo* review of the entire Recommendation. *See* 28 U.S.C. § 636(b). The Recommendation is due to be adopted.

The Eleventh Circuit held in *In re Saint Fleur* that a Hobbs Act robbery is a "crime of violence" under the use-of-force clause. 824 F.3d 1337, 1340–41 (11th Cir. 2016). The Eleventh Circuit also held in *In re Colon* that aiding and abetting a Hobbs Act robbery is a "crime of violence" under the use-of-force clause. 826 F.3d 1301, 1305 (11th Cir. 2016). Those decisions compel the conclusion that the predicate offense for Harris's conviction was indeed a crime of violence.

Because the predicate offense for Harris's conviction is a crime of violence under the use-of-force clause, there is no need to consider whether the residual clause is unconstitutionally vague. *See United States v. St. Hubert*, 883 F.3d 1319, 1328 (11th Cir. 2018); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016). Nor is there any need to stay the case until the Eleventh Circuit decides that issue.

Thus, after *de novo* review of the record and the Recommendation, it is ORDERED that:

1. The motion for a stay (Doc. # 23) is DENIED;

2. The objection to the Recommendation (Doc. # 23) is OVERRULED;

3. The Recommendation of the Magistrate Judge (Doc. # 19) is ADOPTED;

4. The motion under 28 U.S.C. § 2255 (Doc. # 1) is DENIED;

5. The supplemental motion (Doc. # 15) is DENIED; and

6. This case is DISMISSED WITH PREJUDICE.

A separate Final Judgment will be entered.

DONE this 24th day of September, 2018.

                                          /s/ W. Keith Watkins
                                 CHIEF UNITED STATES DISTRICT JUDGE